# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                Plaintiff,

  vs.

OPTION ONE MORTGAGE
CORPORATION n/k/a SAND CANYON
CORPORATION,

                Defendant.

Case Number:

SACV12   633 JST(MLGx)

The Honorable

**CONSENT OF DEFENDANT
OPTION ONE MORTGAGE
CORPORATION n/k/a SAND
CANYON CORPORATION**

1.    Defendant Option One Mortgage Corporation n/k/a Sand Canyon Corporation ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

        (a)    permanently restrains and enjoins Defendant from violation of Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 ("Securities Act");

        (b)    orders Defendant to pay disgorgement in the amount of $14,250,558, plus prejudgment interest thereon in the amount of $3,982,027; and

        (c)    orders Defendant to pay a civil penalty in the amount of $10,000,000 under Section 20(d) of the Securities Act.

3.    Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

1   4.  Defendant waives the entry of findings of fact and conclusions of law

2 pursuant to Rule 52 of the Federal Rules of Civil Procedure.

3   5.  Defendant waives the right, if any, to a jury trial and to appeal from

4 the entry of the Final Judgment.

5   6.  Defendant enters into this Consent voluntarily and represents that no

6 threats, offers, promises, or inducements of any kind have been made by the

7 Commission or any member, officer, employee, agent, or representative of the

8 Commission to induce Defendant to enter into this Consent.

9   7.  Defendant agrees that this Consent shall be incorporated into the Final

10 Judgment with the same force and effect as if fully set forth therein.

11   8.  Defendant will not oppose the enforcement of the Final Judgment on

12 the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal

13 Rules of Civil Procedure, and hereby waives any objection based thereon.

14   9.  Defendant waives service of the Final Judgment and agrees that entry

15 of the Final Judgment by the Court and filing with the Clerk of the Court will

16 constitute notice to Defendant of its terms and conditions. Defendant further

17 agrees to provide counsel for the Commission, within thirty days after the Final

18 Judgment is filed with the Clerk of the Court, with an affidavit or declaration

19 stating that Defendant has received and read a copy of the Final Judgment.

20   10.  Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the

21 claims asserted against Defendant in this civil proceeding. Defendant

22 acknowledges that no promise or representation has been made by the Commission

23 or any member, officer, employee, agent, or representative of the Commission with

24 regard to any criminal liability that may have arisen or may arise from the facts

25 underlying this action or immunity from any such criminal liability. Defendant

26 waives any claim of Double Jeopardy based upon the settlement of this proceeding,

27 including the imposition of any remedy or civil penalty herein. Defendant further

28 acknowledges that the Court's entry of a permanent injunction may have collateral

1  consequences under federal or state law and the rules and regulations of self-
2  regulatory organizations, licensing boards, and other regulatory organizations.
3  Such collateral consequences include, but are not limited to, a statutory
4  disqualification with respect to membership or participation in, or association with
5  a member of, a self-regulatory organization.  This statutory disqualification has
6  consequences that are separate from any sanction imposed in an administrative
7  proceeding.  In addition, in any disciplinary proceeding before the Commission
8  based on the entry of the injunction in this action, Defendant understands that it
9  shall not be permitted to contest the factual allegations of the complaint in this
10 action.

11      11.    Defendant understands and agrees to comply with the Commission's
12 policy "not to permit a defendant or respondent to consent to a judgment or order
13 that imposes a sanction while denying the allegations in the complaint or order for
14 proceedings." 17 C.F.R. § 202.5.  In compliance with this policy, Defendant
15 agrees: (i) not to take any action or to make or permit to be made any public
16 statement denying, directly or indirectly, any allegation in the complaint or
17 creating the impression that the complaint is without factual basis; and (ii) that
18 upon the filing of this Consent, Defendant hereby withdraws any papers filed in
19 this action to the extent that they deny any allegation in the complaint.  If
20 Defendant breaches this agreement, the Commission may petition the Court to
21 vacate the Final Judgment and restore this action to its active docket.  Nothing in
22 this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take
23 legal or factual positions in litigation or other legal proceedings in which the
24 Commission is not a party.

25      12.    Defendant hereby waives any rights under the Equal Access to Justice
26 Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any
27 other provision of law to seek from the United States, or any agency, or any
28 official of the United States acting in his or her official capacity, directly or

4

1    indirectly, reimbursement of attorney's fees or other fees, expenses, or costs

2    expended by Defendant to defend against this action. For these purposes,

3    Defendant agrees that Defendant is not the prevailing party in this action since the

4    parties have reached a good faith settlement.

5          13. In connection with this action and any related judicial or

6    administrative proceeding or investigation commenced by the Commission or to

7    which the Commission is a party, Defendant (i) agrees to cooperate fully with the

8    Commission staff; (ii) will accept service by mail or facsimile transmission of

9    notices or subpoenas issued by the Commission for documents or testimony at

10   depositions, hearings, or trials, or in connection with any related investigation by

11   Commission staff; (iii) appoints Defendant's undersigned attorney as agent to

12   receive service of such notices and subpoenas; (iv) with respect to such notices and

13   subpoenas, waives the territorial limits on service contained in Rule 45 of the

14   Federal Rules of Civil Procedure and any applicable local rules, provided that the

15   party requesting the testimony reimburses Defendant's travel, lodging, and

16   subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v)

17   consents to personal jurisdiction over Defendant in any United States District

18   Court for purposes of enforcing any such subpoena.

19         14. Defendant agrees that the Commission may present the Final

20   Judgment to the Court for signature and entry without further notice.

21

22

23

24

25

26

27

28

15.   Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _4 - 17 - 2012_     **Option One Mortgage Corporation n/k/a Sand Canyon Corporation**

By: _Nolu_

Title: _PRESIDENT_

On _April 17th_, 2012, _Dale M. Sugimoto_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Option One Mortgage Corporation n/k/a Sand Canyon Corporation as its _President_.

_Susan J. Julian_
Notary Public
Commission expires: _2/28/2013_

Approved as to form:

_— See attached California Acknowledgment_

_Steve Hill J._
Stephen L. Hill, Esq.
**Husch Blackwell LLP**
4801 Main Street
Suite 1000
Kansas City, Missouri 64112

*Attorney for Defendant Option One Mortgage Corporation n/k/a Sand Canyon Corporation*

6

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of *Orange* }

On *4-17-12* before me, *Susan M. Giuliano, Notary Public*
  Date                        Here Insert Name and Title of the Officer

personally appeared *Dale M. Sugimoto, President*
                                        Name(s) of Signer(s)

---

SUSAN M. GIULIANO
Commission # 1837831
Notary Public - California
Orange County
My Comm. Expires Feb 22, 2013

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature *Susan Giuliano*
                        Signature of Notary Public

Place Notary Seal Above

---

**OPTIONAL**

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

## Description of Attached Document

Title or Type of Document: *US SEC + Exchange Commission / Consent of Defendant Option One Mortgage Corp, n/k/a Sand Canyon Corporation*.

Document Date: *April 17, 2012*   Number of Pages: *7*

Signer(s) Other Than Named Above: *Stephen Hill, Esq*

## Capacity(ies) Claimed by Signer(s)

Signer's Name: _____
□ Individual
□ Corporate Officer — Title(s): _____
□ Partner — □ Limited □ General
□ Attorney in Fact
□ Trustee
□ Guardian or Conservator
□ Other: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer Is Representing: _____
_____

Signer's Name: _____
□ Individual
□ Corporate Officer — Title(s): _____
□ Partner — □ Limited □ General
□ Attorney in Fact
□ Trustee
□ Guardian or Conservator
□ Other: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer Is Representing: _____
_____

©2007 National Notary Association • 9350 De Soto Ave., P.O.Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org  Item #5907  Reorder: Call Toll-Free 1-800-876-6827

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>vs.<br><br>OPTION ONE MORTGAGE CORPORATION n/k/a SAND CANYON CORPORATION,<br><br>                Defendant. | Case Number:<br><br>SACV12  633 JST(MLGx)<br><br>The Honorable<br><br>*PROPOSED*<br>**FINAL JUDGMENT AS TO DEFENDANT OPTION ONE MORTGAGE CORPORATION n/k/a SAND CANYON CORPORATION** |

12 APR 24  AM 10: 56

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:

1       The Securities and Exchange Commission having filed a Complaint and

2 Defendant Option One Mortgage Corporation n/k/a Sand Canyon Corporation

3 having entered a general appearance; consented to the Court's jurisdiction over

4 Defendant and the subject matter of this action; consented to entry of this Final

5 Judgment without admitting or denying the allegations of the Complaint (except as

6 to jurisdiction); waived findings of fact and conclusions of law; and waived any

7 right to appeal from this Final Judgment:

8 I.

9       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant

10 and Defendant's agents, servants, employees, attorneys, and all persons in active

11 concert or participation with them who receive actual notice of this Final Judgment

12 by personal service or otherwise are permanently restrained and enjoined from

13 violating Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 (the

14 "Securities Act") [15 U.S.C. § 77q(a)(2) and (3)] in the offer or sale of any security

15 by the use of any means or instruments of transportation or communication in

16 interstate commerce or by use of the mails, directly or indirectly:

17       (a)    to obtain money or property by means of any untrue statement of a

18       material fact or any omission of a material fact necessary in order to make

19       the statements made, in light of the circumstances under which they were

20       made, not misleading; or

21       (b)    to engage in any transaction, practice, or course of business which

22       operates or would operate as a fraud or deceit upon the purchaser.

23 II.

24       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

25 Defendant is liable for disgorgement of $14,250,558, representing profits gained as

26 a result of the conduct alleged in the Complaint, together with prejudgment interest

27 thereon in the amount of $3,982,027, and a civil penalty in the amount of

28 $10,000,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

1  Defendant shall satisfy this obligation by paying $28,232,585 within 14 days after
2  entry of this Final Judgment by certified check, wire transfer, bank cashier's check,
3  or United States postal money order payable to the Securities and Exchange
4  Commission. The payment shall be delivered or mailed to the Office of Financial
5  Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042,
6  Washington DC 20549, and shall be accompanied by a letter identifying Option
7  One Mortgage Corporation as a defendant in this action; setting forth the title and
8  civil action number of this action and the name of this Court; and specifying that
9  payment is made pursuant to this Final Judgment. Defendant shall pay post-
10 judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The
11 Commission shall remit the funds paid pursuant to this paragraph to the United
12 States Treasury.

13                                    III.

14        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the
15 Consent is incorporated herein with the same force and effect as if fully set forth
16 herein, and that Defendant shall comply with all of the undertakings and
17 agreements set forth therein.

18                                    IV.

19        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this
20 Court shall retain jurisdiction of this matter for the purposes of enforcing the terms
21 of this Final Judgment.

22                                    V.

23        There being no just reason for delay, pursuant to Rule 54(b) of the Federal
24 Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment
25 forthwith and without further notice.

26

27 Dated: _____, 2012       _____

28                                    UNITED STATES DISTRICT JUDGE